18-1220-cr
*United States v. Brown*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of September, two thousand nineteen.

PRESENT:   JON O. NEWMAN,
                   JOSÉ A. CABRANES,
                   GERARD E. LYNCH,
                              *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                   *Appellee,*                                        18-1220-cr

                   v.

RONNETTE BROWN,

                   *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLEE:** | David J. Sheldon, Assistant United States Attorney (Marc H. Silverman, *on the brief*), *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT. |
| **FOR DEFENDANT-APPELLANT:** | Jamesa J. Drake, Drake Law, LLC, Auburn, ME. |

Appeal from the April 24, 2018 judgment of the United States District Court for the District of Connecticut (Victor A. Bolden, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED IN PART AND VACATED AND REMANDED IN PART**.

Defendant-Appellant Ronnette Brown ("Brown") challenges an order to pay restitution under the Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. §§ 3663A-3664, as part of a judgment against her for one count of conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, and twenty-three counts of health care fraud, in violation of 18 U.S.C. §§ 1347 and 2. Brown principally argues that the District Court plainly erred in calculating the amount of the Government's loss from December 15, 2010 to December 31, 2011. Brown also notes, and the Government concedes, that arithmetical and transcription errors in the final judgment should be corrected. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

*I: Restitution Rate for 2010 and 2011*

"Ordinarily, we review a district court's order of restitution under the MVRA for abuse of discretion. However, where . . . a defendant fails to object to the restitution order at the time of sentencing, our review is for plain error." *United States v. Zangari*, 677 F.3d 86, 91 (2d Cir. 2012) (citations omitted). Brown concedes her failure to object to the restitution order at the time of sentencing. We therefore review the District Court's restitution order under the plain error test. "[A]n appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an 'error'; (2) the error is 'clear or obvious, rather than subject to reasonable dispute'; (3) the error 'affected the appellant's substantial rights, which in the ordinary case means' it 'affected the outcome of the district court proceedings'; and (4) 'the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Marcus*, 560 U.S. 258, 262 (2010).

Brown argues that the District Court made three errors in calculating the amount she owes for defrauding Medicaid in 2010 and 2011. First, she argues that the District Court failed to properly utilize available payroll records in calculating the restitution amount, and that its use of an estimate, rather than such records, results in a restitution amount that exceeds actual loss. Second, she argues that the District Court failed to provide assurances that, in using such an estimate, it did not "double count" certain fraudulent payments from 2010 and 2011—specifically, the payments to Beverly Coker ("Coker")—that had been separately calculated for the restitution order. Finally, she argues that the District Court failed to consider the general financial circumstances of the organization, We-MPACT, through which Brown conducted her fraud—circumstances which, she contends, indicate that the fraud was not a major source of income in those years and that, as a result, the fraud estimate put forward by the Government and accepted by the District Court is too high.

2

We disagree with Brown's arguments and find that she does not meet the prongs of the plain error test.

First, Brown does not establish that there has been error merely because the District Court used an estimate for the 2010 and 2011 fraud rate. She argues that the use of an estimate in calculating restitution is erroneous because it is an inexact way of measuring actual loss. But this argument fails since "we have never used the word 'actual' in this context to mean 'mathematically precise.' Nor have we ever adopted a one-size-fits-all standard of precision for application in restitution cases. To the contrary, our case law reflects the settled understanding among courts of appeals that a 'reasonable approximation' will suffice, especially in cases in which an exact dollar amount is inherently incalculable." *United States v. Gushlak*, 728 F.3d 184, 195 (2d Cir. 2013). The restitution calculation ordered here by the District Court is a reasonable approximation of the loss suffered by the Government. It is based on the lower of the two fraud rates for 2012 and 2013—both of which are precisely calculable because of the availability of full payroll documentation for those years. Given that the total amount that Medicaid paid to We-MPACT during 2010 and 2011 is comparable to the total amount paid by Medicaid in 2012 and 2013, it is reasonable to adopt a fraud rate from 2012 and apply it to the relevant time period. Moreover, there is no evidence that the District Court erroneously double-counted the amount owed as part of Brown's scheme with Coker when making its restitution calculation for 2010 and 2011. Although Brown does point to some arithmetical discrepancies in the final restitution calculation—discrepancies which may in fact be beneficial to her—the discrepancies do not indicate that the final calculation for 2010 and 2011 include Medicaid payments made to Coker's provider number.

Second, since there was no error at all, it follows *a fortiori* that there was no error that is "clear or obvious, rather than subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009). Brown merely argues that the fraud rate could conceivably have been lower in 2010 and 2011 because of alternative income streams to We-MPACT and because, she attests, it was still then a "fledgling operation." [Br. for Brown at 43] But given that the fraud did, in fact, begin in 2010 with the Coker scheme—and given that the fraud rate for that initial scheme was 100%—it is reasonable to believe that the fraud rate during the same period for the other schemes amounted to 71.2% of the total Medicaid payments made. There is no evidence to suggest that the fraud rate was clearly or obviously lower during that time period.

Third, even if the error was clear or obvious, Brown does not show that the use of the estimated fraud rate affected her substantial rights. "It has long been understood that, for an error to affect the appellant's substantial rights, it is not enough that it affect the outcome of the district court's proceedings; rather, in most cases a court of appeals cannot correct the forfeited error unless the defendant shows that the error was *prejudicial*." *Zangari*, 677 F.3d at 95-96 (internal quotation marks omitted). Brown does not show that, but for the estimated fraud rate, the restitution amount would have been lower. In fact, the estimated fraud rate may have had an effect on the final

3

restitution calculation that was beneficial to Brown, especially since the only alternative restitution amount proposed at sentencing was higher than the ultimate amount ordered by the District Court.

Accordingly, Brown does not satisfy the prongs of the plain error test, and so she does not demonstrate that the restitution rate used for 2010 and 2011 is plainly erroneous.

*II: Arithmetical and Transcription Errors*

We review under the same plain error standard any arithmetical and transcription errors in the judgment that were not objected to at sentencing. *Zangari*, 677 F.3d at 91.

Brown notes, and the Government concedes, that the following errors are present in the judgment:

a. The judgment amount does not match the restitution amount the District Court orally pronounced at sentencing. Moreover, the restitution amount orally pronounced at sentencing is based on arithmetical errors, resulting in a value that is $5,465 too high. Accounting for both errors, the judgment should be changed from $2,633,544 to $2,028,497 (which is $5,465 lower than the orally pronounced amount of $2,033,962).

b. The judgment incorrectly states that Brown and Coker are jointly and severally liable for the full amount of restitution. The judgment should be changed to match the restitution order which states that Brown and Coker are jointly and severally liable only for the restitution for Count One ($214,555).

These errors should be remedied because they clearly pass plain error review: in each case, there is an error; the error is clear and not subject to reasonable dispute; the error affects the appellant's substantial rights; and the error seriously affects the fairness, integrity, and public reputation of judicial proceedings.

## CONCLUSION

We have reviewed all of the arguments raised by Ronnette Brown on appeal. For the foregoing reasons, we **AFFIRM** the April 24, 2018 judgment of the District Court, except to the extent that we **VACATE** portions of the judgment containing arithmetical and transcription errors and **REMAND** the cause to the District Court with instructions to correct those errors.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4